CATHERINE O'DONNELL *vs.* JACOB BARBEY & another.

Middlesex.   Jan. 15. — Sept. 14, 1880.   COLT & LORD, JJ., absent.

A., whose only property consisted of an equitable estate for life in land, with
a power to appoint in fee by will, made an oral agreement with B. by which
he agreed that, if B. would take care of him during his life and bury him, B.
should have all his property at his death. A. made a will by which, after
directing the payment of his just debts and funeral charges, he devised all his
property to B., and appointed him his executor. *Held,* that the charges of ad-
ministration, the funeral expenses and debts due from the estate were charges
upon the land, to be paid before B.'s claim for services rendered in pursuance
of the agreement.

BILL IN EQUITY, filed April 9, 1879, by a creditor of the
estate of Cyrus Brooks, against Jacob A. Barbey, the executor
of the will of Brooks, and Silas Carleton, praying that a certain
parcel of land in Cambridge should be declared to be assets of
the estate of Brooks, and subject to his debts, and that Carleton,
in whom was the record title, should convey the same. The
bill was taken for confessed against Carleton. Barbey appeared
and filed an answer. The case was heard on the pleadings and
the report of a master by *Colt*, J., who reserved for the consid-
eration of the full court the following case:

On May 3, 1845, Lowell Skelton and Eunice P. Skelton
conveyed the land in question to three trustees, of whom the
defendant Carleton is the sole survivor, in trust to pay the net
rents and profits to Alice Brooks during her life, and after her
death to her husband, Cyrus Brooks, if he should survive her,
and after the death of both to stand seised of the land for the
use of the heirs of Cyrus Brooks, " or to dispose of and convey
the said premises in such way and manner as the said Cyrus
Brooks may by his last will and testament in writing direct and
appoint."

The trustees accepted the trust. Cyrus Brooks survived his
wife, received the benefits of the trust during his life, and died
on March 18, 1877, leaving a will, executed on February 16,
1875, which was duly admitted to probate, and contained the
following clause: " After the payment of my just debts and
funeral charges, I bequeath and devise as follows: I give and

bequeath all my property of every name, nature and description, and of which I shall be possessed at the time of my decease, to Jacob Barbey," and particularly mentioning the estate left in trust. The will also appointed Barbey executor. Barbey, on April 10, 1877, was duly appointed executor and gave bond in the usual form, and still is executor. Cyrus Brooks, at the time of his death, was possessed of no property except the power of appointment above mentioned.

The plaintiff, on March 3, 1876, recovered judgment against Cyrus Brooks in the sum of $706, and costs of suit, which judgment is still in force, and Barbey, as executor, refuses to pay the same. On March 1, 1879, the plaintiff brought an action on this judgment, which action is still pending.

A short time before the will was made, it was agreed between Cyrus Brooks and Jacob Barbey and his wife that, if they would take care of him during his life, and bury him at Lincoln upon his death, they should have all his property; and Brooks made his will in pursuance of this agreement, and for the purpose of carrying out the same on his part. Barbey and his wife fulfilled their part of the agreement, and Barbey's wife took personal care of him during his life, and applied money for his support, furnished by her husband, and on his death they buried him at Lincoln. Brooks, until within six months of his death, lived in the house on the land in question, letting part of it, but grew so feeble that, about six months before he died, he was moved into Barbey's house, and was faithfully cared for and supported there by Barbey and his wife during the remainder of his life. Barbey paid certain amounts for taxes on the house, for repairs, for insurance, for medical attendance in the last sickness of Brooks, for clothing, for funeral expenses, and removing his body to Lincoln, and there were also due him certain other amounts for board and care. These expenses and services were incurred and performed by Barbey, he looking for reimbursement and compensation to the disposition of his property made by Brooks to Barbey in his will, and to the agreement previously made. This agreement was not in writing, but was a fair and meritorious one.

No claim has been made on Barbey for payment of any debt of Brooks, except by the plaintiff. The plaintiff is indebted to

the estate of Brooks in the sum of $140, due for rent of part of said house from May 6, 1873, to October 20, 1874.

*S. H. Dudley,* for the plaintiff.

*F. W. Kittredge,* for the defendant.

SOULE, J.· The defendant Barbey and his wife agreed orally with Cyrus Brooks to take care of him during his life, and bury him when dead, in consideration of having all his property after his death. It was understood that Brooks should perform the contract on his part, by making his will in favor of Barbey, as appears from the fact that he so made his will for the purpose of performing the contract, and from the further fact that Barbey made no request for performance in any other way. No other mode of performance so far as regards the land described in the plaintiff's bill was possible, because Brooks had merely an equitable life estate in it, with a power of appointment over the fee by will.

Any property of his own could be disposed of by Brooks by will, only subject to the payment of his debts. Whether he could, in consideration of his contract with Barbey, have made an appointment in his favor which would have been good against his own creditors, it is not necessary to consider. It is settled that a voluntary appointment is not good against creditors. *Clapp* v. *Ingraham,* 126 Mass. 200.

In making the appointment, Brooks, the testator, saw fit to make the property as to which he executed the power, equitable assets in the hands of his executor. He gave it to Barbey, only after payment of his just debts and funeral charges. In effect, the will is an appointment first in favor of creditors, and secondly in favor of Barbey. Whether this is in strict accord with what Barbey expected when he made the oral agreement, it is not important to inquire. His interest in the property comes only by virtue of the appointment, and, as he claims under that appointment, he cannot claim adversely to it.

The result is that the property described in the bill is assets for the payment of the debts of the testator, and must be applied in the same way in which assets in the hands of an executor are ordinarily applied. The executor is entitled to receive the expenses of administration, because these are the first matter to which assets are applicable; and the funeral expenses

because these are specially provided for in the appointment, and are charges which, in case of a want of assets sufficient to pay debts, are preferred claims against the estate. Gen. Sts. c. 99, § 1. In the funeral expenses is to be included the cost of removing the body to Lincoln, as it was buried there. The plaintiff is entitled to the proceeds of the property described in her bill, after payment of the expenses above named, or so much thereof as is necessary to pay her judgment with interest, after deducting the amount of her debt to the estate, with interest from October 20, 1874, and to her costs.

The trustee must sell the land, and out of the proceeds, after deducting the expenses of the sale, pay to the executor, the defendant Barbey, the amount of the expenses of administration and the funeral charges. He will then pay the amount due to the plaintiff, including his costs to be taxed by the clerk, or such part thereof as the proceeds remaining are equal to ; and if there remains any surplus in his hands after paying the plaintiff in full, he will pay the same to the defendant Barbey.

The defendant Barbey is not entitled to receive any part of the proceeds of the land in payment of the expenses of the last sickness of the testator, nor in payment of his charges for taking care of the testator, nor in payment of any expenses incurred by him in repairing the buildings, because it does not appear that these services were rendered or expenses incurred in any expectation that they would be paid for otherwise than by means of the will which the testator made.

*Decree accordingly.*