THOMAS H. RUSSELL, trustee, *vs.* ANDREW M. JOYS, executor, & others.

Suffolk.   March 20, 1917. — May 26, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Power. Conflict of Laws. Evidence,* Proof of foreign law. *Equity Pleading and Practice,* Stipulation of parties. *Executor and Administrator.*

A testatrix, who before her marriage had made the antenuptial agreement described in her will made the following provision in that will: "And whereas, under and by virtue of a certain agreement or settlement made before my marriage with my late husband . . . witnessed by a certain indenture of three parts made the ninth day of May 1848, between myself by my maiden name, . . . my said husband, and J. B. . . ., which is recorded . . ., I am entitled to certain

property and the right and power to dispose of the same by will, now it is my intent and will that all my right, title and interest in and to said property in said agreement mentioned shall be deemed and taken as a part of my estate disposed of by this my will and testament." The testatrix by her will, after two pecuniary legacies, devised and bequeathed all the residue of her property to her four children in equal shares. *Held,* that this was a proper exercise of the power of appointment in favor of the four children of the testatrix.

A woman, who was then a resident of this Commonwealth, by an antenuptial agreement and deed of trust conveyed to a trustee domiciled in this Commonwealth her interest in certain real estate consisting of land in a city in this Commonwealth with a business building upon it, providing for the payment of the income of the trust estate to her during her life and that from and after her death the trust property should be held to the use and behalf of such person or persons for such estates and on such terms or conditions as the settlor should by will appoint. The settlor, having survived her husband, died domiciled in another State, and exercised the power of appointment by providing in her will that the trust property should constitute a part of her estate disposed of by her will. By her will she left the residue of her estate to her four children in equal shares. The will was proved in the State of her domicil and ancillary administration was taken out in this Commonwealth. During the lifetime of the settlor the trustee, with the approval of the settlor, had sold the interest in the real estate and had invested the proceeds in certificates of interest in a building trust which held the same real estate. These certificates were alleged to be personal property and were held by the trustee for the uses declared in the deed of trust. The successors of the original trustee under the deed of trust all were residents of this Commonwealth. *Held,* that the validity of the appointment was to be determined by the law of Massachusetts and that the power was executed properly under the law of Massachusetts, although at the time of its execution the settlor, who was also the donee of the power, was domiciled in another State.

In the case described above, although it was unnecessary to determine whether there was a good execution of the power in accordance with the law of the domicil of the testatrix, it was *remarked* that the only law of that State which could be considered by this court was a certain statute that appeared as a fact in the record, because the parties had failed to ask the single justice who reserved the case to find as a fact what the law of that State was.

In the case described above the following stipulation of the parties was stated in the agreed facts: "All material constitutional provisions, statutes and decisions of the courts of the States of Wisconsin and New York printed in the authorized publications of those States shall be taken as proved, and may be referred to by either party as if set out at length herein," and it was *said* that this court could not have acted upon this stipulation, as such action would have required them to pass upon the question of fact of what the foreign law was, citing *Electric Welding Co. Ltd.* v. *Prince,* 200 Mass. 386.

Upon a bill for instructions filed by the trustee under the declaration of trust contained in the antenuptial agreement described above, such trustee, after other instructions, was instructed to pay over the trust fund and its accumulations to an ancillary executor or administrator with the will annexed of the settlor in this Commonwealth, the donee of the power, to be distributed as a part of her estate.

BILL IN EQUITY, filed in the Supreme Judicial Court on September 22, 1915, by the trustee under a certain antenuptial agreement and deed of trust dated May 9, 1848, made by Alice Brazer Brooks, then of Princeton, afterwards Alice Brazer Norris, who died on January 9, 1914, domiciled at Milwaukee in the State of Wisconsin, for instructions.

The case came on to be heard before *Pierce, J.,* upon the bill and answers and a stipulation as to facts. The material facts are stated in the opinion.

The will of Alice Brazer Norris was dated April 12, 1887. By each of the first and second articles she made a pecuniary legacy. The third article was as follows:

"Third: — All the rest, residue and remainder of my property, real, personal and mixed, and wherever situate, I hereby give, devise and bequeath unto my four children, Charles W., Alice B., Julia and George Henry to be divided between them equally share and share alike; provided however, if any one or more of my children above named shall not survive me and shall have no issue living at the time of my death, the share which such child or children or their issue, would have taken if living shall lapse, and shall be divided between the survivor or survivors of my children above named and the issue of any deceased child or children, who shall survive me, such issue taking by the right of representation.

"And whereas, under and by virtue of a certain agreement or settlement made before my marriage with my late husband Greenleaf D. Norris, witnessed by a certain indenture of three parts made the ninth day of May 1848, between myself by my maiden name, Alice Brazer Brooks, my said husband, and John Brooks late of Princeton in the County of Worcester in the State of Massachusetts, which is recorded in the Records of Deeds in the County of Suffolk in the State of Massachusetts, in Liber 591, Folio 281, I am entitled to certain property and the right and power to dispose of the same by will, now it is my intent and will that all my right, title and interest in and to said property in said agreement mentioned shall be deemed and taken as a part of my estate disposed of by this my will and testament."

There was a codicil dated February 18, 1909, which increased a pecuniary legacy to a grandson that was contained in the second

article of the will, ratifying and confirming the will in all other respects.

The single justice reserved the case for determination by the full court.

The case was submitted on briefs.

*A. H. Russell,* for the plaintiff (stating the case).

*J. Wiggin,* for the defendant, John B. Pratt.

*A. F. Converse,* for Daniel W. Norris, administrator, and others.

DE COURCY, J. Alice Brazer Brooks (afterwards Alice Brazer Norris) on May 9, 1848, executed an antenuptial agreement, or declaration of trust, whereby she conveyed to a trustee her interest in certain real estate on State Street, Boston, known as the Brazer Building. The instrument provided for the payment of the income of the trust estate to the settlor during her life, and reserved to her a power of appointment by will, as follows: "And from and after the decease of said Alice, to the use and behalf of said person or persons, for such estates and on such terms and conditions, as the said Alice by any last will and testament or any instrument purporting to be her last will and testament, or a codicil thereto signed by her in the presence of three credible witnesses, may, notwithstanding her coverture by the said Greenleaf, or any other husband, direct and appoint."

Subsequently the real estate was sold, and with the approval of the settlor, the proceeds were invested in certificates of interest in the Brazer Building Trust, a voluntary real estate association. These certificates now constitute the trust estate, are alleged to be personal property, and by the terms of the trust indenture are "held upon the same uses, and to and for the same trusts, intents and purposes, and subject to the same conditions, as are herein declared concerning the premises hereby conveyed as nearly as may be."

When the instrument creating the power was executed Alice Brazer (Brooks) Norris, who was both donor and donee, was a resident of Massachusetts. Later she became a resident of Wisconsin, and died there in January, 1914, having survived her husband. Her will and codicil were admitted to probate in that State, and have been filed and recorded in the Probate Court for the county of Suffolk. By the residuary clause, she gave all of her property (after two pecuniary bequests) to her four children,

and then proceeded: "And whereas, under and by virtue of a certain agreement or settlement made before my marriage with my late husband Greenleaf D. Norris, witnessed by a certain indenture of three parts made the ninth day of May 1848, between myself by my maiden name, Alice Brazer Brooks, my said husband, and John Brooks late of Princeton in the County of Worcester in the State of Massachusetts, which is recorded in the Records of Deeds in the County of Suffolk in the State of Massachusetts, in Liber 591 Folio 281, I am entitled to certain property and the right and power to dispose of the same by will, now it is my intent and will that all my right, title and interest in and to said property in said agreement mentioned shall be deemed and taken as a part of my estate disposed of by this my will and testament."

In consequence of a controversy between the children of Mrs. Norris and the son of a deceased daughter, as to the distribution of the trust fund, the trustee seeks the instruction of the court. The principal question is whether by her will she effectively executed the power of appointment reserved in the trust agreement.

That question must be determined, in our opinion, by the law of Massachusetts. The property involved is that of the donor of the power of appointment. That donor was domiciled here when the power was created. The property concerned always has been situated here, and was real estate until it was exchanged for certificates in the building trust, which are held upon the same trusts and "subject to the same conditions." The trustee, like his predecessors, is a resident of this Commonwealth; and here he must distribute and account for the property. On all the facts we are of opinion that the settlor manifested an intention to have the trust administered, and the validity of the appointment determined by the law of Massachusetts. *Sewall* v. *Wilmer*, 132 Mass. 131, 135. *Codman* v. *Krell*, 152 Mass. 214. *Tudor* v. *Vail*, 195 Mass. 18. *Brandeis* v. *Atkins*, 204 Mass. 471. *Walker* v. *Treasurer & Receiver General*, 221 Mass. 600.

It is settled in this Commonwealth that where a testator has the income of property for life, with a general power of disposing of the principal by will, a residuary clause, in the absence of anything to show a contrary intention, is to be construed as an execution of that power of appointment. And in the will of Mrs. Norris, there is also a reference to the power, and an expressed intention

to dispose of the property to which the power attaches. *Stone* v. *Forbes*, 189 Mass. 163. *Howland* v. *Parker*, 200 Mass. 204, 207, and cases cited. The power was properly executed under the law of Massachusetts, even though the person appointing was domiciled in another State at the time. *Murphy* v. *Deichler*, [1909] A. C. 446.

It is unnecessary to determine whether there was a good execution of the power by the law of Wisconsin. In this connection it is pertinent to state that on this record the only Wisconsin law we could consider is chapter 97 of the Revised Laws of that State. The law of Wisconsin, as to which the parties are at variance, was a question of fact which the parties should have asked the single justice to find, if they intended to base their legal rights thereon. Plainly we cannot act upon the stipulation in the agreed facts that "All material constitutional provisions, statutes, and decisions of the courts of the States of Wisconsin and New York printed in the authorized publications of those States shall be taken as proved, and may be referred to by either party as if set out at length herein." *Electric Welding Co. Ltd.* v. *Prince*, 200 Mass. 386.

The petitioner is to be instructed that the power of appointment under the trust instrument was duly exercised in favor of the four children of Mrs. Norris, Charles W., Alice B., Julia N., and George Henry, by the residuary clause of her will. It appears that said Charles W. Norris has deceased since the death of his mother. As under the general rule, the property appointed is deemed in equity part of the assets of the estate of the donee of the power, the trustee is to be further instructed to pay over the trust fund and accumulations thereon to an ancillary executor or administrator with the will annexed of Alice Brazer Norris in this Commonwealth. *Clapp* v. *Ingraham*, 126 Mass. 200. *Olney* v. *Balch*, 154 Mass. 318.

*Decree accordingly.*