### J. E. HARLOW *et al. vs.* ELLEN W. DURYEA *et al.*

#### JUNE 26, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

(1) *Powers. Wills. Deeds. Contracts.*

The rights of an appointee under the exercise of a power are to be sought in the construction of the instrument creating the power and if such instrument be a deed or contract the exercise of the power and the rights of the appointee depend upon the construction which should be given to such deed or contract.

(2) *Powers. Contracts. Exercise of Power by Residuary Clause. Conflict of Laws.*

Under the terms of a contract between donor and an insurance company an annuity in trust was created, by which an annuity was to be paid to donor for life and after her death to X. for life and after the decease of the survivor of donor and X., then to Y. for life, and upon the decease of the survivor of these three, the principal sum to be paid to the executors or administrators of the survivor, in trust to be disposed of as X. might by will appoint and in default of appointment to the heirs of Z.

At the time of making the contract donor was domiciled in Massachusetts, the contract was made there, the trust fund was located there and was to be administered there by a Massachusetts corporation. The donee of the power was also domiciled in Massachusetts, and died there leaving a will which did not by any specific provision exercise the power but which contained a residuary clause.

Donor established a domicile in Rhode Island and died there leaving a will probated there.

*Held,* that the parties intended to make a contract governed by the Massachusetts law and that donor intended to create a power of appointment in X. which should be exercised in accordance with the law of that state and

the subsequent change of domicile of donor in no way affected the con-
struction to be given the contract.

*Held,* further, that under the Massachusetts rule the power was exercised by
the residuary clause.

BILL IN EQUITY in form of bill of interpleader. Heard
after certification under Gen. Laws, 1909, cap. 289, § 35.

SWEETLAND, J.   This is a bill in equity in the form of a
bill of interpleader brought by J. Edwards Harlow and
William P. Sheffield, the executors of the will of Caroline L.
Weld, late of Newport, against Ellen W. Duryea and Mary
Weld to determine the title to a certain fund which came
into the hands of said executors in accordance with the terms
of a so-called annuity in trust.

The case, being ready for hearing for final decree, has been
certified to this court for final determination under General
Laws, 1909, Chapter 289, Section 35, upon bill, answers and
proof.

The evidence is uncontradicted and the material facts may
be summarized as follows:  On August 31, 1876, Caroline
L. Weld, then domiciled in Nahant, Massachusetts, paid
$25,000 to the Massachusetts Hospital Life Insurance Com-
pany, a corporation located in and incorporated under the
laws of Massachusetts; and in consideration of this payment
the Massachusetts Hospital Life Insurance Company issued
a so-called annuity in trust.   By the terms of this annuity in
trust the company undertook to invest the sum received and
to pay an annuity (1) to Caroline L. Weld during her life;
(2) after her death to her son, William F. Weld, during his
life, and (3) after the decease of the survivor of herself and
William F. Weld to her son Charles G. Weld during his life.
Upon the decease of the survivor of these three annuitants
the company was to pay over the principal sum, a proper
allowance being made for gains and losses, "to the executors
or administrators of said survivor, in trust by them to be
disposed of as said William may by any last Will & Testa-
ment direct or appoint, in default of such direction or
appointment them to pay over the same to the heirs of

William G. Weld." William G. Weld was the husband of Caroline L. Weld and the father of William F. Weld and Charles G. Weld. Subsequently to the transaction just referred to and about 1881, Caroline L. Weld and her husband, William G. Weld, acquired a domicile in Newport, Rhode Island, which they maintained during the remainder of their lives. On January 9, 1893, William F. Weld, the donee of the power of appointment just quoted, died domiciled in Brookline, Massachusetts, leaving a will dated December 5, 1892, which was admitted to probate on February 1, 1893, by the Probate Court for the County of Norfolk, Massachusetts. Charles G. Weld, named in said "annuity in trust" died on June 18, 1911. Caroline L. Weld survived both her sons and died on April 14, 1918, domiciled in Newport, Rhode Island, leaving a will which was admitted to probate by the Probate Court of the city of Newport and of which the complainants qualified as executors. In pursuance of the terms of the annuity in trust the Massachusetts Hospital Life Insurance Company has paid the principal sum of $25,000 to the complainants; and they now under the provision already quoted hold it in trust by them to be disposed of as William F. Weld by his will appointed or, in default of such appointment, in trust to pay the same to the heirs of William G. Weld who died in 1896. William F. Weld, the donee of the power of appointment, did not by any specific provision in his will exercise said power. His will however contained the following paragraph.

"Fourth: All the rest and residue of my property, real, personal and mixed, of which I may die seized and possessed or to which I may be entitled at the time of my decease, I give, devise and bequeath to my wife, Ellen Homer Weld of said Brookline, absolutely and in fee."

Ellen Homer Weld the widow of William F. Weld has remarried and is the respondent Ellen W. Duryea. She claims that the said power of appointment was exercised in her favor by William F. Weld in the above quoted residuary clause of his will. The minor respondent, Mary Weld, who

is represented here by guardian *ad litem*, is the daughter of Charles G. Weld and the sole surviving descendant and heir of her grandfather William G. Weld. It is claimed in her behalf that the residuary clause of William F. Weld's will did not operate as an exercise of the power of appointment and that under the provisions of said annuity in trust, effective in default of appointment she is entitled to said fund in the hands of the complainants as the sole heir of said William G. Weld. The position of Mrs. Duryea is based upon her contention that as the donor of the power of appointment at the time of its creation was a resident of Massachusetts, and the instrument creating it was executed in Massachusetts and the situs of the property subject to the power was in that state at the time of the death and the probate of the will of the donee, it is the Massachusetts law which determines whether said donee made a valid exercise of said power. It is the contention of the respondent Mary Weld that as the donor of the power, Caroline L. Weld, at the time of the death and the probate of the will of the donee, was domiciled in Newport, the law of Rhode Island, in force at that time, determines whether said power has been exercised.

At the time of the execution of the instrument upon which was issued the so-called annuity in trust, and at the time of the death and probate of the will of William F. Weld, by a long course of judicial determination it had become the settled law of Massachusetts that, unless a contrary intention appears, a general residuary clause in a will operates as an exercise of a power to dispose of property by will. *Cumston* v. *Bartlett*, 149 Mass. 243; *Stone* v. *Forbes*, 189 Mass. 163; *Thompson* v. *Pew*, 214 Mass. 520. That such was the state of the law of Massachusetts in this regard was recognized by this court in *Cotting* v. *De Sartiges*, 17 R. I. 668.

In Rhode Island at the time of the death and of the probate of the will of William F. Weld it was the established law that unless the power to appoint a disposition of property by will had been exercised by the donee by specific provisions in his will, there had been a default of such power,

and that the intent to exercise such power could not be inferred from the general language of a residuary clause. This remained the law of Rhode Island until the passage of Chapter 203, Section 9, General Laws, 1896, now Chapter 254, Section 9, General Laws, 1909, under which statute it is provided that a general devise or bequest is sufficient to execute a power of appointment.

The question before us is whether the residuary clause of William F. Weld's will operated as an exercise of the power of appointment.

The contention of the respondent Mary Weld is that the donor of the power after its creation changed her domicile from Massachusetts into Rhode Island and "that the law governing the construction of the exercise of the power of appointment of personal property changes with the domicile of the donor." In support of this said respondent calls to our attention the principle of construction that in the case of a power created by the will of the donor and exercised by the will of the donee or appointer, the appointer is merely the instrument by whom the original testator designates the beneficiary, and the appointee takes under the original will and not from the donee of the power. *Cotting* v. *De Sartiges*, 17 R. I. 668.' This respondent also cites to us a number of cases involving questions arising with reference to the exercise of a power created by will. These cases rest upon the generally recognized doctrine that a will speaks and takes effect as if executed immediately before the death of the testator, unless a contrary intention appears in the will. Hence whatever may have been the domicile of the testator at the time of the execution of the will, or however many times he may have changed his domicile thereafter, the rights of parties thereunder with reference to personal property is governed by the law of the testator's domicile at the time of his death. The real principle underlying these cases is that the rights of an appointee under the exercise of a power are to be sought in the construction of the instrument which creates the power. If that instrument be a will, as to personalty at least, those rights are governed by the law of the

testator's domicile at the time of his death, for then and there the instrument creating the power became effective. If the instrument creating the power be a deed or a contract, the exercise of the power and the rights of the appointee depend upon the construction which should be given to such deed or contract. *Cotting* v. *De Sartiges*, 17 R. I. 668, *Russell* v. *Joys*, 227 Mass. 263.

At the time of entering into the contract with the Massachusetts Hospital Life Insurance Company the donor was domiciled in Massachusetts, the contract was made there, the trust fund was located in Massachusetts and was to be administered in that state by a Massachusetts corporation. Also perhaps of minor importance in the determination of this question, the donee of the power was domiciled in Massachusetts and the donor must be presumed to have contemplated, at the time of executing the contract, that the power would be exercised, if at all, by the donee through the medium of a will to be probated in Massachusetts. These facts irresistibly lead to the conclusion that the parties thereto intended to make a contract governed by the Massachusetts law and that Mrs. Weld intended to create a power of appointment in her son which should be exercised in accordance with the law of that state. Her subsequent change of domicile in no way affected the construction which should be given to that contract.

We are therefore of the opinion that William F. Weld made a valid exercise of his power of appointment in favor of his wife, and that the complainants should pay to the respondent Ellen W. Duryea said trust fund now in their hands, less any deduction for inheritance taxes or other proper charges that should be made against it.

The parties may present a form of decree in accordance with this opinion on July 7, 1919.

*William Paine Sheffield,* for complainants.

*Walter A. Edwards, Edwards & Angell,* for Ellen W. Duryea. *Alexander & Green,* of counsel.

*William R. Harvey,* guardian *ad litem,* for Mary Weld.

*William P. Sheffield, Jr.,* on brief.