## OLD COLONY TRUST CO. OF BOSTON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 2920.

Circuit Court of Appeals, First Circuit.

Dec. 1, 1934.

Alfred P. Lowell, of Boston, Mass., for petitioner for review.

Arnold Raum, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for the Commissioner of Internal Revenue.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is a petition by the Massachusetts executor of Vredenburgh Minot to review a decision by the Board of Tax Appeals which affirmed the Commissioner's action in holding certain trust funds taxable as part of the decedent's estate.

The question is whether a residuary bequest in common form in Minot's will operated as an execution of powers of appointment which he held over two trust funds. The executor's first contention is that the powers were not exercised and the corpus of the funds did not pass as part of the estate. In the settlement of the estate this same controversy, whether the powers had been exercised, arose and was settled by an agreement between the interested parties. The executor's second contention is that in any event only so much of the trust fund should be taxed as was recognized by this settlement agreement as being part of the estate. On both points the Commissioner decided against the executor.

The decedent was a resident of California at the time of his death and his estate was probated there. Whether the powers were exercised by him is however to be determined by the law of Massachusetts where the donor was domiciled, where the trusts were established by deed and by will, and where the trustees were and are resident. Russell v. Joys, 227 Mass. 263, at page 267, 116 N. E. 549; Hogarth-Swann v. Weed, 274 Mass. 125, 174 N. E. 314. For many years it has been the settled law in Massachusetts "that a general residuary devise will operate as an execution of a power to dispose of property by will, unless there is something to show that such was not the testator's intention." C. Allen, J., Cumston v. Bartlett, 149 Mass. 243, at page 248, 21 N. E. 373. See, too, Russell v. Joys, supra, where the rule is re-stated. "The rule that a general devise may consti-

tute an exercise of a power of appointment * * * is limited to cases where there is nothing in the will to show a contrary intention." Carroll, J., Ames v. Ames, 244 Mass. 381, at page 390, 138 N. E. 845, 848. " * * * The question is in every case a question of the intention of the donee of the power, taking into consideration not only the terms of his will, but the circumstances surrounding him at the time of its execution. * * *" Gray, J., Sewall v. Wilmer, 132 Mass. 131, 134.

So the precise question is whether it appears from the will when read in the light of its surrounding circumstances that the decedent did not intend to exercise the powers. Vredenburgh Minot died in 1928 domiciled as has been said in California. In 1900 his father, William Minot, whose domicile was in Massachusetts, conveyed certain property to trustees there on trust to pay the income to his children for life, with the right to each child to appoint by will his or her share of the trust fund. Later in the same year the father died and by his will left the residue of his estate in trust upon substantially the same terms except that as to this testamentary trust the trustees were authorized in their discretion to withhold the income of any child and add it to his share of the principal. Both trusts were duly set up and are those here in question. This was the situation in 1918 when the decedent made the will in question. He was then 30 years old and does not appear to have had any substantial amount of property except his interest in the trust funds.

The pertinent provisions of the will are as follows:

"Secondly,—I give, bequeath, and devise one-half (½) of *all my property of whatever kind, and wherever situated, owned by me at the time of my death*, to my wife, Hazel Sheldon Minot; except that I give and bequeath to my wife Hazel Sheldon Minot *all* personal property in the way of clothing, household furnishings, books, musical instruments, printed music sheets and volumes, pictures, photographs, and the like, situated at Lomaland, Point Loma, California, and which may be owned by me at the time of my death.

"Thirdly,—If the total value of all personal property and real estate, of whatever kind and wherever situated, owned by me at the time of my death, shall equal the monetary value of not less than one hundred thousand dollars ($100,000.00), I give and bequeath to my Aunt, Gertrude Wyckoff Van Pelt of Point Loma, San Diego County, Cal-

ifornia the sum of five thousand dollars ($5,000.00); to my Sister, Katherine Minot Channing of Wareham, Massachusetts, one thousand dollars; to my brother William Minot, of Wareham, Massachusetts, one thousand dollars; to my brother Sedgwick Minot, of Wareham, Massachusetts, one thousand dollars.

"Fourthly,—I give, bequeath, and devise, after all my just debts and expenses of Administration have been paid, *all the rest, residue and remainder of my property, of whatever kind and wherever situated, owned by me at the time of my death*, and which has not already been given, bequeathed, and devised by and under this Will, to Katherine Tingley, of Point Loma, San Diego County, California." (Italics supplied.)

It will be noticed that the testator twice refers to "all my property of whatever kind and wherever situated owned by me at the time of my death." This language is obviously sufficient to create a presumption under Massachusetts law that he intended to exercise the powers of appointment. Cases supra. It strongly suggests that he intended the will to operate on all property which he had power to dispose of. The condition with which the third clause begins may indicate that he had not the trust funds in mind, as the executor contends; or it may have been inserted to safeguard the legatees named in the second and fourth clauses against shrinkage of the estate. Its bearing on the question before us is too equivocal for it to have much weight. The entire absence of any suggestion in the will that the testator had in mind his power to dispose of the very substantial sums in the trust funds is not sufficient to rebut the presumption. Where the power is expressly referred to there is, of course, no occasion to invoke the rule. The case is perhaps not without an element of doubt; but we do not think that sufficient appears to warrant us in holding that the presumption has been rebutted and a lack of intent shown. It follows that the will was an exercise of the powers of appointment.

This being so, the property passing under the powers was taxable under the statute. Revenue Act 1926, 44 Stat. 9, c. 27, § 302 (26 USCA § 1094). The agreement which the parties made in settlement of the controversy does not affect the rights of the government under the taxing statute. Wear v. Commissioner, 65 F.(2d) 665 (C. C. A. 3).

The decision of the Board of Tax Appeals is affirmed.