CLIFFORD L. KING, administrator with the will annexed, *vs.* ADA J. WALSH & others.

Bristol. October 27, 1924. — January 9, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Devise and Legacy,* What estate, Power of appointment.

The will of a married woman, after devising real estate to her husband for life with a remainder to a charitable institution, in a third clause gave the rest and residue of her estate, which consisted wholly of personal property, to her husband, "with power to use and dispose of the same by will or otherwise as he shall see fit, but if he shall not survive me or if there shall be any of said rest and residue of which he has not made any disposal at his death, I give of said rest and residue . . . [here followed several bequests to other persons]." *Held,* that a consideration of the whole will led to the conviction that the testatrix intended to create a life interest by the third clause of her will, with a power in the legatee to consume and to dispose, by will or otherwise, of that part of the legacy which was not used at the death of the legatee.

The husband of the testatrix above described, who owned "some furniture and bank accounts," after the death of his wife and before her funeral,

made a will which, in a sixth clause, gave the rest and residue of his estate in equal shares to two named grandchildren. *Held,* that

(1) No contrary intent appearing, the general bequest of personal property in the will of the husband was presumed to include a general power of appointment of the property given under the will of his wife;

(2) It not appearing that the husband's estate was solvent, it was proper to transfer the property covered by the third clause of the will of the wife to the executor of the will of the husband rather than to the legatees named under the sixth clause of his will.

PETITION, filed on April 11, 1923, in the Probate Court for the county of Bristol by the administrator with the will annexed of the estate of Laura J. Thompson, late of Taunton, for instructions.

A guardian *ad litem* was appointed to represent Clifford T. King, a minor.

The petition was heard by *Hitch,* J., a commissioner having been appointed under G. L. c. 215, § 18, to take the evidence. By order of the judge, a decree was entered directing the petitioner "to pay over the rest and residue of the estate of Laura J. Thompson to the said Clifford L. King as he is the executor of said will of William P. Thompson." Ada J. Walsh and George Hale Brabrook appealed.

*S. P. Hall,* for the petitioner, stated the case.

*E. S. White,* for the respondents Ada J. Walsh and George Hale Brabrook.

*E. R. McCormick,* for the respondent Clifford L. King, executor of the will of William P. Thompson, and for guardian *ad litem* of Clifford T. King.

PIERCE, J.   This is a petition for instructions, addressed to the judge of the Probate Court for the county of Bristol by the administrator with the will annexed of the late Laura J. Thompson of Taunton, Massachusetts; and is before this court on the appeal of certain respondents, named in the petition, from the decree of the said judge " That the petitioner is instructed to pay over the rest and residue of the estate of Laura J. Thompson to the said Clifford L. King as he is the executor of said will of William P. Thompson."

It appears by the report of the commissioner, which is made a part of the record, that William P. Thompson and Laura J. Thompson were husband and wife; that the wife

died on November 27, 1922, and the husband died a few weeks thereafter; that the wife executed her will during coverture, on October 5, 1918, and the husband executed his will on November 29, 1922, before the funeral of his wife; that the husband had " some furniture and bank accounts," and the wife owned a house in which they lived and was possessed of personal property consisting mostly of stocks.

The will of Laura J. Thompson dated October 5, 1918, which was duly probated, devised her real estate to her husband, William P. Thompson, for his lifetime with the remainder to the Morton Hospital in Taunton. No question of construction centres upon this provision of the will. The third item of the will, which concerned personal property only, reads as follows:

" All the rest and residue of my estate of whatever name and nature, I give and bequeath to my husband, William P. Thompson, with power to use and dispose of the same by will or otherwise as he shall see fit, but if he shall not survive me or if there shall be any of said rest and residue of which he has not made any disposal at his death, I give of said rest and residue the sum of one thousand dollars, to Ada J. Walsh of Lowell.

" In case she shall not survive my husband, then to her heirs.

" Also I give the sum of three hundred dollars to Mrs. Maria Haynes if she shall survive my husband and the sum of three hundred dollars to Mrs. Mary Williams, if she shall survive my husband.

" The above bequests to Ada J. Walsh, Maria Haynes and Mary Williams are to be paid in full if there is sufficient of said rest and residue, otherwise each legacy is to be proportionately reduced."

The will of William P. Thompson, executed on November 29, 1922, and duly probated, contained the following provisions:

" 2. All my furniture, personal belongings (except money and bank accounts) and fixtures I give and bequeath to my daughter, Edith E. King.

" 3. All real estate that I own at my death or have any interest in, I give to Edith E. King for her life, and upon her

death to her children who are my grandchildren namely Julia A. King and Clifford T. King.   During said life estate of Edith E. King she may sell in fee or mortgage said real estate, in her discretion, without license of any Court, her deed to be sufficient, and of the proceeds said Edith E. King shall have the income and may use the principal for her comfort or support in her discretion and what is left upon her death shall go to my said grandchildren, Julia A. King and Clifford T. King.

" 4. To my son Charles A. Thompson for whom I have great affection but who is financially not in need, I give ten dollars.

" 5. My son Charles A. Thompson may select four articles of furniture mentioned in clause 2 above as his.

" 6. All the rest and residue I give and bequeath in equal shares to my grandchildren, Julia A. King and Clifford T. King."

The instructions sought are phrased in the words that follow: "Your petitioner therefore prays that this Honorable Court will instruct him as to his duties in carrying out the provisions of the third clause of her said will and advise him who is entitled to said rest and residue therein mentioned and what his duty is in the premises with reference to the payment thereof, and will instruct him as to who is legally entitled to said rest and residue now that her said husband is deceased, and will give him such further orders, directions and instructions as will enable him to make disposal of said rest and residue according to law."

It is the contention of the executor of the will of William P. Thompson that the third clause of the will of Laura J. Thompson gave William P. Thompson an absolute title in the " rest and residue of the estate of Laura J. Thompson since William P. Thompson survived Laura J. Thompson and that therefore a decree should be entered requiring the rest and residue of Laura J. Thompson to be given to Clifford L. King as executor of the will of William P. Thompson.   If, however, the third clause of the will of Laura J. Thompson is construed to create a life estate with the power of appointment by will given to William P. Thompson, then

Clifford L. King executor of William P. Thompson contends that the rest and residue clause in the will of William P. Thompson exercises that power of appointment in favor of Julia A. King and Clifford T. King and that Clifford L. King, executor of the will of William P. Thompson should take this property for Julia A. King and Clifford T. King." On the other hand the respondents contend that the third clause of the said will did not create an absolute estate in William P. Thompson, but did create a life interest in the husband with a power to consume, use and dispose of by will or otherwise as he should see fit.

The facts above recited disclose that the estate given and bequeathed by the third clause of the said will concerned the disposition of personal property only. It follows that the rule for the interpretation of devises of real estate, contained in G. L. c. 191, § 18, is of little value in ascertaining the quality of the estate bequeathed. A consideration of the whole will of Laura J. Thompson leads to the conviction that the testatrix intended to create a life interest by the third clause of her will, with a power in the legatee to consume and to dispose of, by will or otherwise, that part of the legacy which is not used up at the death of the legatee. *Ware* v. *Minot,* 202 Mass. 512. *Dallinger* v. *Merrill,* 224 Mass. 534. *Davis* v. *Clapp,* 242 Mass. 139.

The question which remains is, Did the legatee exercise the power of appointment? It is settled by *Ames* v. *Ames,* 238 Mass. 270, and by *Stone* v. *Forbes,* 189 Mass. 163, 169, that " a general devise of property real or personal is presumed to include a general power of appointment unless the contrary appears from the will." In the case at bar no such intent appears.

There is nothing to show in the reported facts that the estate of William P. Thompson is solvent; it therefore is proper to pay the property covered by the third clause of the will of the wife to the executor of the estate of William P. Thompson rather than to the legatees under the sixth clause of his will. *Olney* v. *Balch,* 154 Mass. 318, 322.

It follows that the instructions contained in the decree of the Probate Court must be affirmed.

*Decree accordingly.*