WILLIAM M. BUTLER, executor and trustee, *vs.* THE NEW ENGLAND TRUST COMPANY, executor and trustee, & others.

Suffolk.     December 8, 1926. — April 2, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Devise and Legacy,* Execution of power.  *Power.*

A testator by his will gave the residue of his estate to a trustee to pay to his wife during her life the income and such parts of the principal as to the trustee in his discretion should seem best; on the wife's death to pay income and principal in the trustee's discretion to a daughter, with other powers as to the disposition of income and principal after the daughter's death. A codicil gave to the testator's wife power "to dispose of any part of the property I have left for her in trust either by will or otherwise should she so desire," and provided: "after the death of my wife I give to her sister $50,000." The wife during her life had accumulated from sums paid to her by the trustee about $33,000. Her will in a second clause gave "all the money, stocks, notes, bonds and other securities for money, of or to which I shall at my decease be possessed or entitled, to . . . [a trust company]," upon a trust, to pay the income to her granddaughter, and at her death to pay the principal of the trust estate to the issue of any deceased child; and a third clause

read: "All the rest and residue of my estate I give, devise and bequeath unto my said daughter." The wife's estate was "amply solvent." *Held,* that

(1) The testator by his codicil intended to give and gave to his wife the power at pleasure to dispose by will or otherwise of any part of the property left by him in trust;

(2) Neither the existence of the power nor the exercise of it vested any estate in the donee, and the words "or entitled" in the second clause of the wife's will did not show that the wife by that clause intended to exercise the power given in her husband's will;

(3) The second clause of the wife's will was not an exercise of the power given her in her husband's will;

(4) That power was exercised by the third clause of the wife's will;

(5) The estate of the testator's wife being amply solvent, no question arose as to any equitable rights of creditors to have any part of the appointed estate applied to satisfy their demands;

(6) The intention of the testator to give to the wife's sister was plain and should not be defeated by the order in which the bequest appeared in the will;

(7) After deduction of the legacy to the wife's sister and of proper legal charges of administration and reasonable expenses, the "rest and residue" in the hands of the petitioner should be paid directly to the daughter named in the wife's will.


BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on January 11, 1926, by the surviving trustee under the will of Charles B. Smith, late of Boston, for instructions on the matters stated in the opinion.

The suit was heard by *Sanderson,* J., upon the bill, answers, and the report of a guardian *ad litem* of all persons not ascertained or not in being, who are or might become interested in the case, and of Gloria Smith Rogers. The single justice found facts stated in the opinion and reserved and reported the case for determination by the full court.

*J. F. Bacon,* for the plaintiff, stated the case.

*F. C. Allen,* for Nellie N. Orswell.

*C. A. Rome,* for New England Trust Company.

*M. F. Weston,* Assistant Attorney General, for the Attorney General.

*M. M. Johnson,* for Jean Smith Rogers.

*D. T. Montague,* guardian *ad litem,* submitted a brief.

PIERCE, J. This is a bill in equity by the surviving executor and trustee under the will of Charles B. Smith for construction of the will and codicil, as also for instructions, "(a)

whether, under a proper construction, of the codicil to said will, he is now required to transfer the property in his possession as such executor and trustee to . . . The New England Trust Company as trustee under or executor of the will of . . . Susan N. Smith, or directly to the latter's daughter, Jean Smith Rogers, on the ground that the Second Clause or Third Clause of the will of . . . Susan N. Smith operated as an execution of the power of appointment apparently conferred upon her by the codicil to the will of said Charles B. Smith and thereby terminated the trust created by said Charles B. Smith in Clause Seventh . . . ; or (b) whether the legacy given to Nellie N. Orswell in the codicil to the will of Charles B. Smith has also been nullified by the above-mentioned provisions of the will of . . . Susan N. Smith; or (c) whether he is required to retain possession of all property now held by him as surviving executor and trustee and administer the same under the provisions of the will of said Charles B. Smith without reference to the first sentence of said codicil, but subject to the second sentence of said codicil."

Charles B. Smith executed his will on September 4, 1917, and a codicil thereto on January 13, 1919. He died September 7, 1919, leaving surviving and his only legal heirs his wife, Susan N. Smith, and a daughter, Jean M. Smith. His will and codicil were duly probated in Suffolk County, September 25, 1919. September 2, 1920, the daughter, Jean M. Smith, married Elmer L. Rogers with the full assent and approval of her mother. On July 26, 1921, there was born to Mr. and Mrs. Rogers a daughter, Gloria Smith Rogers, who is still living and is at present their only child. Nellie N. Orswell, referred to in the codicil, is a sister of Mrs. Smith, and the relationship between Mr. Smith and his sister-in-law was most friendly when he made his codicil, and continued so until his death. After the death of Mr. Smith and until the death of Mrs. Smith, the relations between Mrs. Smith, Mr. and Mrs. Rogers and Mrs. Orswell were always cordial, harmonious, affectionate and those of a happy family, and they were frequent visitors to each other.

The estate of Charles B. Smith at his death consisted of stock, bonds, cash on deposit and real estate in Massachusetts and in Minnesota, of an aggregate value of $400,000 or $500,000. By the fourth clause of his will, he gave to his wife his summer residence with its contents at Oak Bluffs, Massachusetts, and gave to William M. Butler "the property (if owned by me at the time of my death) known as 'The Jungle,'" consisting of about twenty acres and the buildings thereon. Under the seventh clause of the will he gave all the rest and residue of his property to trustees, Susan N. Smith and William M. Butler, "(a) to hold, manage, invest and re-invest . . . (b) to pay over the net income to my said wife . . . during the term of her natural life, and from time to time such portions of the principal as my said trustees in their absolute and uncontrolled discretion may deem proper . . . (c) upon the decease of my said wife, to pay over to my daughter, Jean M. Smith, during the term of her natural life, from time to time such portion of the net income and such portions of the principal as my said trustees in their absolute and uncontrolled discretion may deem necessary for the comfort and support of my said daughter; (d) upon the decease of my said daughter, to pay over the net income to such of her children . . . until the twentieth anniversary of her death or the death of the last survivor of such children, whichever event shall occur first, at which time all trusts herein created shall thereupon cease and determine" and the property be distributed among relatives, named charitable institutions, and such other charitable institutions "as, in the judgment of my trustees, will relieve the greatest amount of suffering." The codicil to the will reads as follows: "I hereby give power to my wife Susie N. Smith to dispose of any part of the property I have left for her in trust either by will or otherwise should she so desire. After the death of my wife I give to her sister Nellie N. Orswell, or heirs, of 25 Maple View Terrace, New Bedford, Mass., the sum of Fifty (50,000) thousand dollars."

Susan N. Smith executed her will on November 14, 1924. She died October 6, 1925, leaving surviving and her only heir at law her daughter, Jean Smith Rogers. Her will

was duly admitted to probate in Bristol County on October 27, 1925.   On November 14, 1924, the trustees, Mrs. Smith and Mr. Butler, held stocks of the approximate value of $250,000, bonds of the approximate value of $75,000, cash on deposit of the approximate value of $27,000, real estate in Massachusetts of the approximate value of $1,800, and interest in income producing real estate in Minnesota amounting to approximately $60,000, also, property of the approximate value of $27,000, held for the purpose of paying any additional State inheritance taxes or other expenses connected with the administration of the estate.   In all, the aggregate amount of the estate on November 14, 1924, was between $400,000 and $500,000, and such was its value at the time of the reservation and report upon the petition to this court.

When Mr. Smith died, Mrs. Smith owned "The Jungle," which she conveyed before her death, in accordance with the wishes of Mr. Smith, expressed in clause "Fourth" of his will, to Mr. Butler; and she had no substantial amount of other property.   After making her will, she conveyed all her real estate, including the home at Oak Bluffs which came to her under the fourth clause of Mr. Smith's will, to her daughter and daughter's husband, all parties continuing to reside there as before until the death of Mrs. Smith on October 6, 1925.   There is nothing in the report from which it can be found or inferred that Mrs. Smith ever held any other real estate.   From the income she received under the trust created by the will of Mr. Smith, she made savings so that on November 14, 1924, and on October 6, 1925, when she died, she owned personal property consisting of stocks, mortgage notes and bank deposits amounting to almost $33,000.   The debts of the estate of Susan N. Smith (called Susie N. Smith), not including taxes and executor's compensation, but including last sickness and funeral expenses, amounted to approximately $1,169.65, and the estate is agreed to be "amply solvent."

By the first clause of her will she gave all her real estate to her daughter and to her daughter's husband, as tenants by the entirety.   When she made her will she owned the

home at Oak Bluffs; when she died in the year following she owned no real estate. By the second clause she gave "all the money, stocks, notes, bonds and other securities for money, of or to which I shall at my decease be possessed of or entitled, to The New England Trust Company," upon a trust, to pay the income to her granddaughter, Gloria Smith Rogers, and at her death to pay the principal of the trust estate to the issue of any deceased child. The third clause reads: "All the rest and residue of my estate I give, devise and bequeath unto my said daughter Jean Smith Rogers."

It is plain that the testator Mr. Smith, by the codicil, intended to give and gave to his wife the power at pleasure to dispose of by will or otherwise any part of the property left by him in trust. The question for decision in this regard is, Did Mrs. Smith, in the clause numbered "Second" or in the clause numbered "Third" of her will, exercise the power of appointment given her by the codicil? There is no real contention that the power was attempted to be exercised by the clause of the will numbered "First." It is conceded by all parties in interest that a general power of appointment is well executed in the absence of anything to show a contrary intention by a general residuary clause in the will of the donee. *Stone* v. *Forbes*, 189 Mass. 163, 168. *Thompson* v. *Pew*, 214 Mass. 520. *Shattuck* v. *Burrage*, 229 Mass. 448. *Dunbar* v. *Hammond*, 234 Mass. 554, 556. *Ames* v. *Ames*, 238 Mass. 270, 275. *King* v. *Walsh*, 250 Mass. 462, 466.

It is contended by The New England Trust Company, the trustee named in the second clause of Mrs. Smith's will, that the general plan of the will and the language used in the second clause thereof shows an intention to exercise the power by the second clause of the will and not by the general residuary clause thereof. In support of this position, attention is directed to the words "or entitled" in the second clause of the will, and it is argued therefrom that the word "entitled" in its position shows an intent of the testatrix to give the trust fund as an addition to the bequest of her own stock, notes, bonds and other securities of money.

Neither the existence of the power nor the exercise of it vested any estate in the donee. The donee by reason of the grant of the power was entitled to exercise it, but was not and could not be entitled to the property which the donor empowered the donee to dispose of in behalf of himself, the donor. *Shattuck* v. *Burrage, supra,* pages 451, 452.

The estate of the donee being "amply solvent," no question here arises as to the equitable rights of creditors to have any part of the appointed estate applied to satisfy their demands. *Clapp* v. *Ingraham,* 126 Mass. 200. *Walker* v. *Treasurer & Receiver General,* 221 Mass. 600. *Shattuck* v. *Burrage, supra.*

The testatrix and donee undoubtedly under the codicil was given the power in her lifetime to take to her own use and dispose of the trust property, but this power was not exercised in whole or in part. Approached from another angle, it is hardly conceivable that Mrs. Smith intended to exercise the power by the second clause of her will for the benefit of her granddaughter, and thus deprive her daughter, her daughter's husband, and any future grandchildren of any inheritance whatever. The second clause is consistent with an intention of Mrs. Smith to give her granddaughter the estate which she held as her own, derived from the increment of the trust estate, and invested in the money securities described in that clause; and is inconsistent with an intention to deprive her daughter of any share in the income or principal of the large estate in the trust fund, or also of any interest of value in her own property, which she gave to her trustee for the use of her grandchild and to the issue of that granddaughter, without provision for a default in issue.

The intention of Mr. Smith to give Nellie N. Orswell $50,000 is plain, and should not be disappointed and defeated by the order in which the bequest and the power of appointment stand. The will ought to be read as if the bequest preceded the grant of the power or disposition of the trust estate. *Merkel's Appeal,* 109 Penn. St. 235, 239.

It results that the petitioner is instructed (1) that he should not transfer to The New England Trust Company any stock, notes, bonds or other securities for money or any

property which is held by him as executor or trustee of the will of Charles B. Smith; (2) that he should pay or deliver to Nellie N. Orswell from the so called trust fund the legacy of $50,000 which was given her by the codicil to the will of Charles B. Smith; (3) that he should pay over and transfer to Jean Smith Rogers all the rest and residue of the estate of Charles B. Smith, first deducting therefrom (a) the legacy of $50,000 to Mrs. Orswell, (b) all legal charges of administration, and (c) all reasonable expenses of this suit, including the costs of all parties taxed as between solicitor and client; (4) that he is to pay the legacy directly to Nellie N. Orswell or to such person or persons as she shall direct; and (5), as the estate of Susan N. Smith is "amply solvent," he is to transfer the rest and residue of the estate of Charles B. Smith directly to Jean Smith Rogers or to any person appointed by her to receive the same.

*Ordered accordingly.*