G. NOYES SLAYTON, executor, *vs.* THE FITCH HOME, INC., & others.

Norfolk.    November 14, 1935. — February 27, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Devise and Legacy*, Power.

A testatrix, who had a general power of appointment by will over property in which she had a life interest, made her will at a time when she had property adequate to pay all her debts, all general legacies in her will, and all expenses of administration. At her death, her property was sufficient to pay her debts and the expenses of administration, but not also to satisfy in full all such legacies. She impliedly exercised her power of appointment by a general residuary clause. *Held*, that it was not the intent of the testatrix also to exercise her power of appointment by the general pecuniary legacies, and that the property subject to appointment could not be used to make up deficiencies to the pecuniary legatees under her will, but should pass, intact, with all income which had accrued thereon since her death, to the beneficiaries named in the residuary clause of her will.

BILL IN EQUITY for instructions, filed on May 7, 1934, in the Supreme Judicial Court for the county of Norfolk, by the executor of the will of Margaret C. Slayton, late of Brookline.

The suit was reserved by *Donahue*, J., upon the bill,

answers, and an agreed statement of facts for deterinination by the full court.

The case was submitted on briefs.

*T. Parker & W. E. McKee*, for The Christian Science Pleasant View Home and another.

*J. E. Kelley*, for The First Church of Christ Scientist of Melrose.

*D. W. Corcoran*, for the guardian *ad litem* of Alice G. Sheldon and others.

PIERCE, J.    This is a petition for instructions brought by the executor of the will of Margaret C. Slayton. It is before this court on reservation by a single justice upon the petition, answers and agreed statement of facts.

None of the facts stated in the petition are controverted. No question of the due appointment of the fund arises. There are no specific or deferred legacies in the will and all creditors have been paid. The trustee appointed by the donor of the fund has already paid in part, and ultimately will pay over, the remainder of the fund and accrued interest to the executor of the donee-testatrix for distribution.

The material facts gathered from the petition for instructions which are admitted by the answers and from the agreed statement of further facts are as follows: In 1902 the testatrix married John C. F. Slayton, a widower with two minor children, Louise and Ralph. These children looked upon the testatrix as their mother and the home life of the group was ideal. Slayton died January 4, 1922, leaving a will which was duly probated on February 2, 1922. Provisions of the will material to the issues of this case are as follows: "Eleventh. — To the Boston Safe Deposit & Trust Company, a corporation duly organized and established under the laws of said Commonwealth, and having its usual place of business in said Boston, in said Commonwealth, its successor or successors, all the rest and residue of my estate, in trust, NEVERTHELESS, first, — to divide the said fund into three equal parts, and to hold, manage, invest and reinvest said fund in such securities and properties as it shall in its discretion decide upon for the benefit of my wife Margaret C. Slayton, my daughter

Louise M. Sheldon, and my son Ralph F. Slayton, respectively, no purchaser or purchasers at any sale or sales made by said trustee in the management of said trust fund to be responsible for the application of the purchase money; — secondly, — to pay over to said beneficiaries after deducting all proper charges, the net income of their respective parts of said trust fund . . . . Twelfth. — I hereby authorize and direct said trustee to pay at any time to my said wife Margaret C. Slayton, from the principal of her part of said trust fund, such sum or sums as she may request in writing, said sum or sums not to exceed the amount of Five Thousand (5000) Dollars in any one year, and upon her decease to pay over any balance of said principal then remaining to such person or persons, and in such manner as she may direct by will, or in the event of her not disposing of said fund by will, to pay the same over to her legal heirs. My meaning and intention is to give my said wife full authority to dispose by will of her part of said trust fund."

Margaret C. Slayton died July 15, 1932, leaving a will dated June 30, 1927, which was duly admitted to probate on November 1, 1933, in accordance with an agreement of compromise. After providing for payment of debts and funeral expenses by the executor out of the estate, and after eleven general pecuniary legacies in various amounts, the will continues: "FOURTEENTH: All the rest, residue and remainder of my estate, real, personal or mixed, of whatsoever nature, kind or description and wheresoever situated, of which I may die seized or possessed or in which I may have any interest, divided or otherwise, at the time of my decease, I give, devise and bequeath to Boston Safe Deposit and Trust Company, of Boston, Massachusetts, a Massachusetts corporation IN TRUST, NEVERTHELESS, to invest, reinvest and to keep the same invested, and to collect, recover and receive the rents, issues, income, interest and profits thereof, and after deducting all proper charges incident to the administration of this trust, to pay the same in quarterly installments of equal amounts, or as nearly equal as possible, to, and to be divided equally among, share and

share alike, such of my grandchildren as survive me, my grandchildren at present being Alice Gertrude Sheldon, Jean Margaret Sheldon, Fremont Slayton Sheldon, children of Louise S. Sheldon, and John Fremont Slayton, child of Ralph F. Slayton. When the youngest of my grandchildren above named, or any others who may be born prior to my decease, shall have reached the age of thirty years, I direct that this trust shall terminate and that my said Trustee shall divide the principal fund, together with any accumulated income then in its hands, among, and pay the same equally to, share and share alike, each of my grandchildren in life and being at that time. In the event that any of said grandchildren shall have predeceased the youngest of my grandchildren before he or she becomes thirty years of age, leaving issue him or her surviving, I direct my said Trustee to pay over to such issue the share which their parent would have received had that parent been alive when the youngest of my grandchildren reached the age of thirty years." One of the legatees in the will, not related to the testatrix, predeceased her, and the legacies provided for in the will and now payable amount to $19,500.

At the time the will was drafted, Mrs. Slayton possessed securities reasonably worth $25,557. Her entire individual personal property coming into the hands of her executor was of an inventory value of $13,745.05, and a parcel of real estate in Florida of the estimated value of $100 was the only real estate she owned. At the time of her death the balance of her share of the trust fund under the will of her husband was $39,723.69. The present petitioner, as executor of her will, paid out of her individual estate all of her debts and funeral expenses. There remain unpaid the charges of administration, executor's fees and counsel fees for services rendered in connection with a controversy over the probate of the will, and for services rendered, and to be rendered, in connection with the transfer, custody and distribution of the fund provided for by the will of her husband. The expense arising out of the appointment of a guardian *ad litem* to represent certain minor children named in the above quoted article of the testatrix's will

the present petitioner has discharged by payment. If all the charges of administration, the executor's fee and counsel fees are paid out of the individual property of the testatrix there will remain about $7,000 to apply toward the payment of the pecuniary legacies, $19,500, under her will.

Upon the above facts the executor of the will of Margaret C. Slayton seeks instructions as to whether the property over which the testatrix exercised her power of appointment may be used to pay pecuniary legacies provided for in her will after all her individual property has been exhausted and for the purpose of paying any of the charges of administration of the estate and counsel fees, and, if so, what portion; or whether such appointed fund enures solely to the benefit of those in whose favor it was exercised. If either of the above questions is answered in the affirmative the executor seeks instructions as to whether the income which has accrued on the appointed property since the death of Mrs. Slayton should be used in making such payments.

It is clear that the power was exercised by the general residuary clause of the will of Mrs. Slayton, there being nothing to show that it was not the testatrix's intention to exercise it. *Stone* v. *Forbes*, 189 Mass. 163, 168. *Tudor* v. *Vail*, 195 Mass. 18, 26. *Russell* v. *Joys*, 227 Mass. 263, 267–268. This is so even though the power is not referred to, either in the residuary clause or in other parts of the will. *Hassam* v. *Hazen*, 156 Mass. 93, 94. *Ames* v. *Ames*, 238 Mass. 270, 275. The power is well exercised by the appointment to trustees. *Greenough* v. *Osgood*, 235 Mass. 235, 242. Compare *Harvard Trust Co.* v. *Frost*, 258 Mass. 319, 320, 322. One of the contentions advanced in behalf of the pecuniary legatees is that the power was exercised as well by the general pecuniary legacies as by the residuary clause, citing St. 7 Will. IV & 1 Vict. c. 26, § 27, *Hawthorn* v. *Shedden*, 3 Sma. & Giff. 293, Sugden on Powers, (8th ed.) 310, Farwell on Powers, (3d ed.) 9, *Amory* v. *Meredith*, 7 Allen, 397. Section 27, above referred to, reads: ". . . a Bequest of the Personal Estate of the Testator, or any Bequest of Personal Property described in a

general Manner, shall be construed to include any Personal
Estate, or any Personal Estate to which such Description
shall extend (as the Case may be), which he may have
Power to appoint in any Manner he may think proper,
and shall operate as an Execution of such Power, unless
a contrary Intention shall appear by the Will." It is true
that general bequests or devises other than residuary dis-
position have been held to exercise powers of appointment.
*Ames* v. *Ames*, 238 Mass. 270, 275–276. *King* v. *Walsh*,
250 Mass. 462, 466. Thus, where a testator having a power
of appointment by his will, in one clause leaves a fraction
of "all my estate" to one beneficiary and names other
beneficiaries to take the residue, the property subject to
the power of appointment passes under both clauses.
*Amory* v. *Meredith*, 7 Allen, 397, 401. Compare *Willard*
v. *Ware*, 10 Allen, 263, 268. In neither of the two cases
last cited, however, was a general pecuniary legacy involved,
and this court has never, so far as we know, had before
it the question of applying appointed property to general
pecuniary legacies. To the contrary it has been recently
held that power of appointment was not exercised by a
legacy of a sum of money. *Boston Safe Deposit & Trust
Co.* v. *Prindle*, 290 Mass. 577, 584. The pecuniary legatees
contend that the case last cited is not a rule that can be
applied in every case where a legacy of a sum of money is
involved, and that it was applicable in that case because
it appeared by the provisions of the will that the testator,
at the time of the execution of the will, had in mind the
power and did not intend to exercise it in any of the clauses
where it was not mentioned. That the intent of the tes-
tator is controlling, see *Butler* v. *New England Trust Co.*
259 Mass. 39. However, the facts in *Boston Safe Deposit
& Trust Co.* v. *Prindle*, 290 Mass. 577, 583, are distinguish-
able from the case at bar. In the *Prindle* case the testator
never had sufficient individual property to enable all the
legacies to be fulfilled, whereas in the case at bar the indi-
vidual property of Mrs. Slayton was sufficient to fulfil the
legacies at the time the will was executed. It would seem
to follow in the case at bar that the controlling intent of

the testatrix was to exercise the power of appointment by the residuary clause only.

It is established that the appointed property is regarded as the property of the donor, and as passing under the will of the donor, the donee being treated as an agent of the donor. *Dexter* v. *Attorney General*, 224 Mass. 215, 217. *Harmon* v. *Weston*, 215 Mass. 242, 249. *Shattuck* v. *Burrage*, 229 Mass. 448, 451. *Hogarth-Swann* v. *Weed*, 274 Mass. 125, 129. It is true that such property in equity constitutes assets of the donee's estate for the purpose of satisfying debts of that estate. *Olney* v. *Balch*, 154 Mass. 318, 321, 322. This results not from the fact that the appointed property belongs to the donee, but from principles of fairness upon which equity based the rule. *Clapp* v. *Ingraham*, 126 Mass. 200, 202. *Shattuck* v. *Burrage*, 229 Mass. 448, 451. Appointed property, moreover, is not subject to the payment of debts of the donee-testator until his individual property is exhausted. Specifically devised real estate of the donee-testator must be exhausted by payment of the debts before property appointed by a general residuary clause will be used for that purpose. *Tuell* v. *Hurley*, 206 Mass. 65, 68.

In the case at bar the appointed property cannot be used, under any theory of abatement *pro rata*, either to pay debts (the individual property being sufficient therefor) or to make up deficiencies to the pecuniary legatees. Compare *White* v. *Massachusetts Institute of Technology*, 171 Mass. 84, 96. It follows that the expenses of administration of the estate of the testatrix are to be paid out of her individual estate, *Tuell* v. *Hurley*, 206 Mass. 65, 67, and that any expenses arising out of the administration of the property subject to the power will be borne by that property. Compare *Butler* v. *New England Trust Co.* 259 Mass. 39, 45.

It further follows that the appointed estate should pass intact with all income which has accrued thereon since the death of the testatrix to the trustee for the grandchildren named in the residuary clause of her will.

*Decree accordingly.*