LUCY M. GLOSS [GLOS], PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90301. Promulgated May 24, 1940.

*Louis B. Montfort, Esq.*, for the petitioner.
*David Altman, Esq.*, for the respondent.

#### OPINION.

MELLOTT: The Commissioner determined a deficiency in gift tax for the calendar year 1935 in the amount of $5,197.02. The proceeding was submitted upon an agreed statement of facts.

Petitioner transferred property having a presently agreed value of $878,896.05 to trustees of three trusts, referred to as Trust No. 266, Trust No. 267, and Trust No. 271. The major portion of the property, $798,336.86, was transferred to Trust No. 266 for the benefit of Clara Glos Bates, Albert H. Glos, and Mabelle Glos Larkin, one-third each. Property having a value of $23,995 was transferred to Trust No. 271 for the benefit of the same individuals and in the same proportions.

It is unnecessary for present purposes to discuss the terms and conditions of these two trusts. When the proceeding was originally submitted this Board had taken the position that a trust was the "person" for the purpose of determining the number of exclusions which should be allowed under section 504 (b) of the Revenue Act of 1932. The Commissioner was relying upon our decisions as limiting the petitioner herein to but three exclusions, one for each of the three

1240

trusts created. See *Commissioner* v. *Wells*, 88 Fed. (2d) 339; *Noyes* v. *Hassett*, 20 Fed. Supp. 31; *Commissioner* v. *Krebs*, 90 Fed. (2d) 880, and the other cases cited in *Wilton Rubinstein*, 41 B. T. A. 220 (on appeal, C. C. A., 8th Cir.).

After the reversal of some of our decisions and the enunciation of a contrary view by several of the Circuit Courts of Appeal, we promulgated the *Rubinstein* case, *supra*, and *Edwin Goodman*, 41 B. T. A. 472, holding that where a trust is made for the benefit of several beneficiaries one exclusion of $5,000 should be allowed under section 504 (b) of the Revenue Act of 1932 for each beneficiary in computing the amount of gift tax due.

In the gift tax return filed by this petitioner, she took three $5,000 exclusions under Trust No. 266 and none under Trust No. 271, the beneficiaries under the two trusts being the same. On the authority of *Wilton Rubinstein* and *Edwin Goodman*, *supra*, we hold that the petitioner correctly computed her gift tax upon the property transferred to these two trusts. See also *Hutchings* v. *Commissioner*, 111 Fed. (2d) 229; *Mary duPont Faulkner*, 41 B. T. A. 875.

After the promulgation of our opinions in the *Rubinstein* and *Goodman* cases, we entered an order on March 12, 1940, directing the Clerk of the Board to receive and file such additional brief or briefs as should be tendered by the parties within thirty days. Additional briefs have been filed, presenting the views and arguments of the respective parties upon the only remaining question—Is petitioner entitled to any exclusions in computing the gift tax in connection with the transfer of property under Trust No. 267?

In the notice of deficiency it is stated that the gifts under this trust constitute "future interests against which no exclusions are allowable" since "neither the income nor principal is to be paid to the beneficiaries thereunder until after" the death of the settlor. The presently agreed value of the property conveyed to this trust is $63,048.75.

The trust instrument provides that the trustees therein named shall hold, manage, invest, and distribute the property as a trust fund, upon the terms and conditions thereinafter set out; that the trustees shall pay all of the necessary costs and expenses of "administering and protecting this trust", the remainder of the income, thereinafter called "net income" to be accumulated "until the time provided for distribution"; and that:

\* \* \* after the death of the Donor the remaining Trustees shall, as promptly as possible and as at their discretion may seem best, proceed to liquidate all of the assets of this trust estate and when, and as so liquidated and from time to time as the liquidation proceeds and in the discretion of the Trustees may seem advisable, shall pay and distribute the trust estate, together with all accumulations thereof as follows:

To: Mattie Mierhoff, 10/98ths thereof;

To: Mattie Volkerning, 4/98ths thereof;

To: Lydia Harndorf, 4/98ths thereof;

To: Laura Schween, 4/98ths thereof;

To: Ella Watermann, 4/98ths thereof;

To: William Schween, 4/98ths thereof;

To: Florence Bopp, 2/98ths thereof;

To: Eleda M. Heidemann, 2/98ths thereof;

To: Clara Glos Bates, 20/98ths thereof;

To: Mabelle Glos Larkin, 5/98ths thereof;

To: Carol Bates Edwards, 2/98ths thereof;

To: Helen Balgemann, 22/98ths thereof;

To: Henry Magers, 5/98ths thereof;

To: St. Peter's Evangelical Church, of Elmhurst, Illinois, 2/98ths thereof;

To: Church of Our Savior Episcopal; of Elmhurst, Illinois; 2/98ths thereof;

To: First Congregational Church of Elmhurst, Illinois; 4/98ths thereof;

To: German Luthern Church, of Elmhurst, Illinois; located at 3rd and Michigan Street, Elmhurst, Illinois; 2/98ths thereof;

*Section 3.* Such liquidation and distribution shall be solely at the discretion of the Trustees but distribution shall not in any event be delayed more than five (5) years from the date of the Donor's death; and the Trustees may from time to time in their sole discretion as the liquidation proceeds pay any one or all of the Donees prorata or in full as they deem best; and—

In the event that any of the individual or personal Donees above named be not living at the time provided herein for distribution or any part thereof then the share that should have been paid to such deceased Donee shall be paid to their heirs at law, or whomsoever such deceased Donee may designate by his or her Last Will and Testament; and

FURTHERMORE, No disposition, charge or encumbrance, transfer or assignment of the interest of any Donee in this trust shall be of any validity or legal effect, or in any wise regarded by the Trustees, nor shall it in any way be liable to any claims of any creditor of such Donee; and all such payments of the interest of any beneficiary shall be made in person to such beneficiary if living.

Petitioner contends that in computing the net gifts under this trust there should be deducted, under section 505 (a) (2) (B) of the Revenue Act of 1932,[1] the amounts given to the four churches, which she computes to be $6,484.56. She also contends that she is entitled

---

[1] SEC. 505. DEDUCTIONS.

In computing net gifts for any calendar year there shall be allowed as deductions:
  (a) RESIDENTS.—In the case of a citizen or resident—

&ast;  &ast;  &ast;  :.  &ast;  &ast;  &ast;

  (2) CHARITABLE, ETC., GIFTS.—The amount of all gifts made during such year to or for the use of—

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

  (B) a corporation, or trust, or community chest, fund or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals; no part of the net earnings of which inures to the benefit of any private shareholder or individual;

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

# 1242

to two exclusions of $5,000 under section 504 (b) of the same act [2] for the gifts to Mattie Maierhoff and Helen L. Balgemann and to the exclusion of the total amounts given to all the other beneficiaries except Clara Glos Bates and Mabelle Glos Larkin, the amounts given to each of them being less than $5,000. No exclusion is claimed as to the gifts to Clara and Mabelle, they being two of the donees named in the other trusts. Petitioner thus determines that but $26,462.03 ($63,048.75—$6,484.56—$30,102.16) of the property transferred to this trust is subject to the gift tax.

Respondent argues that the dissenting opinions in *Edwin Goodman*, *supra*, and *Rheinstrom* v. *Commissioner*, 105 Fed. (2d) 642, rather than the majority opinions, enunciate the correct rule. He places considerable reliance upon the reports of the Congressional Committees [3] and especially the portion thereof stating that "the term 'future interests in property' refers to any interest or estate whether vested or contingent, limited to commence in possession or enjoyment at a future date."

In *Thomas E. Wells*, 34 B. T. A. 315, 317, we pointed out that, while the definition of the term in the first portion of the committee report indicated that it was "intended to apply to any interest of which the donee would not take immediate and actual physical possession", the possibility of that being the true intent "is tempered by the next sentence, which gives the reasons for the insertion of the future interests provisions." We concluded that, inasmuch as the eventual donees were specifically named in the trusts there under consideration and the value of the gifts to them was readily ascertainable, there was no such difficulty as the Congressional Committee feared and that it should be held the donees took present rather than

---

[2] SEC. 504. NET GIFTS.

    \*        \*        \*        \*        \*        \*        \*

(b) GIFTS LESS THAN $5,000.—In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

[3] Section 504. Net Gifts.

By subsection (b) of the House bill a gift or gifts to any one person during the calendar year, if in the amount or of the value of $3,000 or less, was not to be accounted for in determining the total amount of gifts of that or any subsequent calendar year. Likewise, the first $3,000 of a gift to any one person exceeding that amount is not to be accounted for. Your committee believed the exemption was insufficient, and accordingly increased it to $5,000. Such exemption, on the one hand, is to obviate the necessity of keeping an account of and reporting numerous small gifts, and, on the other, to fix the amount sufficiently large to cover in most cases wedding and Christmas gifts and occasional gifts of relatively small amounts. The exemption does not apply with respect to a gift to any donee to whom is given a future interest. The term "future interests in property" refers to any interest or estate, whether vested or contingent, limited to commence in possession or enjoyment at a future date. The exemption being available only in so far as the donees are ascertainable, the denial of the exemption in the case of gifts of future interests is dictated by the apprehended difficulty, in many instances, of determining the number of eventual donees and the values of their respective gifts. (72 Cong., 1st Sess., Sen. Rept. No. 665.)

future interests. We premised that partially upon the assumption that what Congress had in mind as a future interest was a remainder or a reversion supported by an intervening estate. Upon appeal (*Commissioner* v. *Wells, supra*), the court held that the gifts were of present interests, the donor having divested himself of all interest in the property and the donees—the trusts—having accepted it and put it to instant use for the directed purpose.

We dare not rely very heavily upon the court's decision in the *Wells* case; for the theory upon which it was based has now been abandoned. *Wilton Rubinstein, supra; Edwin Goodman, supra; Rheinstrom* v. *Commissioner, supra; McBrier* v. *Commissioner*, 108 Fed. (2d) 967. But we are still of the opinion that the views expressed by us in *Thomas E. Wells, supra*, are sound. Congress, in the enactment of the gift tax law, included transfers in trust, whether the gifts be direct or indirect (sec. 501 (b), Revenue Act of 1932), provided they are irrevocable. (Sec. 501 (c), Revenue Act of 1932. *Sanford's Estate* v. *Commissioner*, 308 U. S. 39.) The parties agree that such a transfer was made in the instant proceeding. Petitioner retained no interest in the property. Legal title vested in the trustees; but they held it for the benefit of the named beneficiaries. True, the beneficiaries were not to come into possession of the corpus or the accumulated income until the death of the settlor; but they were the only ones who had any "interest or estate" whatsoever in the property. That this was the intent of the settlor is indicated not only by the provisions of the trust instrument directing the trustees to "pay and distribute the trust estate" to the beneficiaries but also by the provision requiring payment to be made to the heirs at law of any deceased beneficiaries or to "whomsoever such deceased Donee may designate by his or her Last Will and Testament." We do not intimate that the giving of a power to dispose of the property by will is decisive of the issue, whether the interest is present or future; for, as pointed out in Law of Future Interests, Simes, vol. 3, sec. 731, "with the exception of possibilities of reverter and rights of entry for breach of condition * * * all varieties of future interests * * * are alienable by will in the United States." But we do feel that where, as here, the settlor not only irrevocably gives the property to the donees but also gives them the right to dispose of it by will, she intended to transfer to them, and actually did, transfer, a present rather than a future interest.

Some courts have held that a power of appointment in itself is an interest in property. *State* v. *United States Trust Co. of New York*, 99 Kans. 841; 163 Pac. 156. Perhaps this is not the majority view. Cf. *Shattuck* v. *Burrage*, 229 Mass. 448; 118 N. E. 889, and *Tax Commission of Ohio* v. *Oswald*, 109 Ohio St. 36; 141 N. E. 678. However,

in Law of Future Interests, Simes, vol. 2, sec. 535, it is stated: "* * * If the exercise of the power need not be postponed to a future time, then it is a present interest and not a future interest." There is nothing in the trust instrument under consideration requiring the exercise of the power to be postponed to a future time, which, though we do not consider it to be conclusive, at least supports the view we have reached that the interests of the named beneficiaries are present.

The instant proceeding is not distinguishable from *Rheinstrom* v. *Commissioner, supra; McBrier* v. *Commissioner, supra; Davidson* v. *Welch,* 22 Fed. Supp. 726; affd., 102 Fed. (2d) 100; *Edwin Goodman, supra;* and *Pelzer* v. *United States,* 31 Fed. Supp. 770, in any substantial particular. Respondent contends that it is, "in that the trustees [in the cited cases] could make current payments as well as accumulate for future distribution", while in the instant proceeding their only power is to accumulate. We intimated in *Charles W. Deeds,* 37 B. T. A. 293, and *Edwin Goodman, supra,* that we felt this circumstance to be important; but, in view of the fact that none of the courts have seen fit to apply it in cases coming before them, we refrain from doing so here.

It was stipulated that the petition should "be deemed amended, as of the date of the filing of this stipulation, so as to claim the overpayment, if any, resulting from the adjustment by the Commissioner in decreasing the value" of "one item of property in Trust 266 from $2,500 to $2,000." Effect will be given to this stipulation in the computation to be made under the Board's rule, and

*Decision will be entered under Rule 50.*