OLIVER PRESCOTT, JUNIOR, trustee, *vs.* FRED S. WORDELL, executor, & another.

Bristol.   October 29, 1945. — January 31, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Power.*

A power given to the life beneficiary of a trust to appoint by his will the principal of the trust fund only among his issue, being special, did not subject the principal to the payment of his debts; and his appointees, not the executor of his will, were entitled to the principal.

PETITION, filed in the Probate Court for the county of Bristol on June 5, 1944, for allowance of an account.

The case was heard by *Hitch,* J.

In this court the case was submitted on briefs.

*G. H. Potter & A. E. Seagrave,* for the respondents.

*O. Prescott, Jr.,* for the petitioner.

QUA, J.   The respondents Fred S. Wordell, executor of the will of Carrie I. Wordell, late of Dartmouth, who died October 3, 1943, and Leroy Wordell appeal from a decree of the Probate Court allowing the amended first and final account of Oliver Prescott, Junior, as trustee under an assignment in trust made by said Carrie I. Wordell on January 31, 1901.

By the terms of this assignment Carrie I. Wordell conveyed to her trustee all her interest under the will of her late mother and directed her trustee, after making a certain

payment, to hold the property in trust to pay the net income to said Carrie I. Wordell during her life, to advance to her such portions of the principal as he might deem expedient, with the right in his own judgment to withhold from her all portions of the principal, and upon her death to divide the fund among her issue as she should provide by will, and if she left no will, among her issue by right of representation. She left a will wherein she devised all her real estate to her two sons, the appealing respondents, and made division of the residue among persons whom all parties in their briefs appear to treat as comprised within the class of her issue. It does not appear that her estate was insolvent. We think, however, that it is a fair inference from the findings of the judge that she did leave debts.

The judge of probate allowed an account showing distribution of the remaining balance of the trust fund by the accounting trustee directly to the distributees named in the residuary clause of the will.

The appealing respondents contend that the balance of the trust fund should be paid over to the respondent executor as the present representative of the creditors of Carrie I. Wordell, and in order that it may be used, in so far as necessary, to exonerate the real estate devised to the respondents. They contend that the will of Carrie I. Wordell was an execution of the power reserved by her in the trust instrument, and that the will had the effect of making the appointed property assets of her estate in so far as her creditors are concerned. See, however, as to the use of appointed property to exonerate the real estate of the testatrix, *Tuell* v. *Hurley*, 206 Mass. 65; *Shattuck* v. *Burrage*, 229 Mass. 448; and *Slayton* v. *Fitch Home, Inc.* 293 Mass. 574, 580.

The decree was right.

No one contends that the residuary bequest to her issue in Mrs. Wordell's will was not a valid execution of the power contained in the assignment in trust. *Howland* v. *Parker*, 200 Mass. 204, 207. See *Stone* v. *Forbes*, 189 Mass. 163, 168; *Shattuck* v. *Burrage*, 229 Mass. 448, 450; *Greenough* v. *Osgood*, 235 Mass. 235, 241–242; *North Adams National Bank* v. *Commissioner of Corporations & Taxation*, 268 Mass.

42, 45; *Gorey* v. *Guarente*, 303 Mass. 569, 575; *Slayton* v. *Fitch Home, Inc.* 293 Mass. 574, 578.   Compare *Hooper* v. *Hooper*, 203 Mass. 50.

It is true that where a person has a general power of appointment and exercises it the appointed property becomes available to his creditors.   This is upon the theory that he could have appointed it to himself or his executors or otherwise could have devoted it to the payment of his debts, and therefore that the creditors have an equitable right to reach it.   *Clapp* v. *Ingraham*, 126 Mass. 200, 202.   *Crawford* v. *Langmaid*, 171 Mass. 309, 311.   *State Street Trust Co.* v. *Kissel*, 302 Mass. 328, 333.   But in the instant case the power was a special power to appoint only to the issue of the donee.   Mrs. Wordell had no power to appoint to her own estate or for the benefit of her creditors.   Her exercise of the power she had therefore did not subject the appointed property to the payment of her debts.   The case is not within the authority or the reasoning of *Clapp* v. *Ingraham* and cases of that type.   American Law Inst. Restatement: Property, § 326, reads, "Property covered by a special power of appointment cannot be subjected to payment of the claims of creditors of the donee or the expenses of administration of his estate, except as required by the rules relating to fraudulent conveyances."   There is no contention that the assignment in trust, executed forty-five years ago, was a fraudulent conveyance.

The case does not require us to consider what rights Mrs. Wordell's creditors might have had under the doctrine of *Pacific National Bank* v. *Windram*, 133 Mass. 175, to reach the beneficial interest which Mrs. Wordell had in the trust fund in her lifetime.   Am. Law Inst. Restatement: Trusts, § 156.   Scott on Trusts, § 156.

It follows that the appointed property should go to the appointees and not to Mrs. Wordell's executor.

*Decree affirmed.*